UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CINSEREE JOHNSON, | ) | CASE NO. 1:08 CV 265 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CHRISTOPHER P. HITCHCOCK, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On February 1, 2008, pro se plaintiff Cinseree Johnson filed the above captioned action under 42 U.S.C. § 1983 against Geauga County Treasurer Christopher P. Hitchcock. In the complaint, plaintiff asserts that the defendant's failure to dismiss its state court foreclosure action denied her due process. She seeks unspecified damages. She also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Cinseree Johnson is a resident of Athens, Ohio. A complaint for foreclosure on a Geauga County property was filed on March 10, 1999 by Geauga County Treasurer Christopher P. Hitchcock. The action was directed against Walter Johnson, Cassalean Johnson, and their unknown spouses and heirs. Cinseree Johnson initially was listed as an "interested party." See Geauga Cnty

Treasurer v. Johnson, Case No. 99F000166 (Geauga Cnty Ct. Comm. Pl. filed Mar. 10, 1999).[1] Proof of service on Walter Johnson, Cassalean Johnson, and their unknown spouses and heirs was filed on March 15, 1999. Cinseree Johnson was not served with a copy of the complaint. None of the defendants filed an Answer and on August 10, 1999, the Geauga County Treasurer filed a Motion for Default Judgment. The Motion was granted the following day, August 11, 1999. Id.

An order of sale was issued in October 1999. Id. The property was offered at sheriff's auction in February 2000, but did not receive a bid. Id. A second order of sale was issued in April 2001. Id. The Treasurer filed a Motion for forfeiture of real estate in June 2001. The Motion was granted on June 15, 2001 and the order of sale was returned without further execution.

Six years after the case was closed and title transferred, Cinseree Johnson filed an Objection to the Judgment on February 20, 2007, and demanded a new trial claiming she had not been properly served. Her Motion was denied on March 12, 2007. She filed a Motion for Reconsideration. That too was denied. She filed a Motion to Reinstate the Case. The Motion was denied on June 21, 2007. Ms. Johnson claims that the Treasurer should have taken steps to revive the case and move for its dismissal once it had been discovered that she had not been served.

The Johnsons filed a Motion for Leave to File an Appeal in the Ohio Eleventh District Court of Appeals. See Geauga Cnty Treasurer v. Johnson, Case No. 07G002790 (Ohio 11 Dist. Ct. of App. filed June 25, 2007). The Motion was denied on August 20, 2007. Cinseree Johnson filed Objections and a Motion to vacate the Court of Appeals decision. Her Motion was denied on September 27, 2007. She filed a Motion for Leave to Amend Appeal on November 13,

---

[1] Geauga County Court of Common Pleas dockets can be viewed at: http://www.co.geauga.oh.us

2

2007. That Motion was overruled on November 16, 2007.

Cinseree Johnson then filed the within action on February 1, 2008. In the complaint, she asserts that the Geauga County Treasurer "breached the constitutionally acceptable standards for adjudication by failing to notify all parties to an action." (Compl. at 2.) She further contends that "as a direct and proximate result of the constitutionally acceptable standards for adjudication: (1) plaintiff's right to due process was violated; plaintiff experienced loss of property and suffered anxiety, (2) That the plaintiff did not assume risk of her injuries." (Compl. at 2.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

To the extent that Ms. Johnson has filed this action to contest the results in the foreclosure action, the complaint must be dismissed. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); see, Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. Coles v. Granville, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular

4

case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, plaintiff's claims appear to directly attack the state court's decision to permit the default judgment in the foreclosure action. Although the action is directed against the plaintiff in the state court action, all of the allegations in these causes of action concern specific grievances that the law was incorrectly applied to plaintiff's case, and are clearly predicated on her belief that the state courts were mistaken in rendering their decisions against her. Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against her. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84, n. 16; Catz, 142 F.3d at 293.

To the extent that Ms. Johnson is merely seeking to litigate the foreclosure case anew, it must also be dismissed. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002). Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. National Amusement, Inc. v. Springdale, 53 Ohio St. 3d 60, 62 (1990). The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. Id. The Ohio courts have already determined that Ms. Johnson's attempts to reopen the foreclosure case to be without merit. This court is bound to give full faith and credit to the decisions of those courts.

## Conclusion

Accordingly, Ms. Johnson's Application to proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: May 7, 2008

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.